**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 10-4700**

―――――――――

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JEFFREY ALAN ARTHUR,

                    Defendant – Appellant.

―――――――――

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Martin K. Reidinger,
District Judge.  (1:09-cr-00051-MR-1)

―――――――――

Submitted:  March 31, 2011          Decided:  April 5, 2011

―――――――――

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Carol Ann Bauer, Morganton, North Carolina, for Appellant.  Amy
Elizabeth Ray, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Alan Arthur pled guilty to conspiracy to manufacture and possess with intent to distribute at least 500 grams of a mixture or substance containing methamphetamine. The Government moved for a downward departure from the statutory minimum of 240 months' imprisonment. The court granted the motion and sentenced Arthur to 180 months' imprisonment. On appeal, Arthur's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal, but questioning whether Arthur received ineffective assistance of counsel below. Arthur was informed of his right to file a pro se supplemental brief, but did not do so. The Government declined to file a responsive brief.

Counsel asks us to review whether Arthur received ineffective assistance of counsel because Arthur was allowed to plead guilty without fully understanding the potential punishment. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal, unless counsel's "ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We conclude that the record does not conclusively demonstrate that counsel was ineffective. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Accordingly, in order to allow for the

adequate development of the record, Arthur must bring his claim in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. <u>See</u> <u>United States v. Baptiste</u>, 596 F.3d 214, 216-17 n. 1 (4th Cir. 2010).

In accordance with <u>Anders</u>, we have thoroughly reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Arthur's conviction and sentence. This court requires that counsel inform Arthur, in writing, of the right to petition the Supreme Court of the United States for further review. If Arthur requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Arthur. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>